FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR - 2 2014

TIM RHODES
COURT CLERK
43

IN THE DISTRICT COURT FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

VELENCIA MAIDEN, as Personal Representative )
of the Estate of CLIFTON DARNELL ARMSTRONG, )
deceased, )
                                                )
                Plaintiff, )     Case No.: **CJ-2014-107**
                                                )
v. )
                                                )
THE CITY OF OKLAHOMA CITY, OKLAHOMA; )
JEFFERY DUTTON, Individually; GREGORY FRANKLIN, )
individually; MOHAMMED TABAIA, individually; )
DANIEL HOLTZCLAW, individually, )
                                                 )
                Defendants. )

CITY OF OKLAHOMA CITY OKLA
OFFICE OF CITY CLERK
2014 APR 4 AM 10 45
FILED

## AMENDED PETITION

COME NOW, the Plaintiffs, above-named, and for their cause of action against the

defendants and hereby amend their Petition already filed herein, and allege and state as follows:

## PARTIES, JURISDICTION, VENUE

1.      At all times pertinent to this case, Plaintiff Velencia Maiden was the mother and

the duly appointed personal representative of the Estate of Clifton Darnell Armstrong, deceased,

and was a resident of Oklahoma City, Oklahoma County, Oklahoma. She brings this action on

behalf of herself, as the mother, and the Estate of Clifton Darnell Armstrong, deceased.

2.      Defendant, City of Oklahoma City (hereafter "City") is a Political Subdivision of

the State of Oklahoma and is charged, through its Police Department, with the law enforcement

responsibilities of the City of Oklahoma City, Oklahoma. The City of Oklahoma City,

Oklahoma, by and through its Police Department, was at all times material hereto under a duty to

EXHIBIT

1

run its policing activities in a lawful manner so as to preserve the peace of the City of Oklahoma City and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitution and the laws of the State of Oklahoma.

3.     At all times pertinent herein, Defendants Dutton, Franklin, Tabaia, and Holtzclaw were all duly commissioned law enforcement officers of the City of Oklahoma City Police Department and were the officers involved in aiding and assisting the decedent Clifton Armstrong.

4.     At all times pertinent hereto, These Defendants are sued individually as members of the Oklahoma City Police Department.

5.     This action is brought against a Political Subdivision of the State of Oklahoma pursuant to the Governmental Tort Claims Act ("Act"), 51 O.S. § 151, et seq., and in the alternative, Article 2 § 30 of the Oklahoma Constitution.

6.     In compliance with § 156 of the Act, Plaintiff filed notice of their claim in writing on or about July 31, 2013, and was amended on October 18, 2013 and submitted to the City of Oklahoma City Clerk's Office.

7.     Plaintiffs' Claim was deemed denied under § 157(A) because the City of Oklahoma City did not approve the claim within the 90-day period.

### FACTS

8.     Plaintiffs hereby incorporate, in their entirety, paragraphs 1 through 7 as set forth above and by reference make said Paragraphs a part hereof as if fully set forth herein.

9.     On May 1, 2013, at approximately 8:45 p.m., Clifton Armstrong was at his mother's home located at 1421 N. W. 99th Street, in Oklahoma City, Oklahoma when he became paranoid and called 911 for emergency medical assistance.

10.     Upon information and belief, Officers Dutton, Franklin, Tabai, and Holtzclaw, were dispatched to 1421 N.W. 99th Street investigate Clifton Armstrong's condition. The officers attempted to persuade Mr Armstrong to be transported to the Hospital in a police squad car, or Mr Armstrong's grandmother's car. Mr Armstrong would not travel in any other car except his mother's car.

11.     When Mr Armstrong refused to voluntarily go the hospital in his grandmother's car, or the squad car, the officers attempted to use force to restrain Mr Armstrong and an altercation occurred. between the officers and Mr Armstrong.

12.     Upon Information and belief, in attempting to subdue Mr Armstrong, the officers used force to restrain and subdue him, by placing him in handcuffs, and using belts to restrain his leg movement, which is famously referred to as the "maximum restraint hobble system"with malicious intent and without justification, pursuant to Oklahoma City Police Department's policy, practice or custom, in reckless disregard for the welfare of Clifton Armstrong,

13.     As a result of this altercation, Mr Armstrong collapsed, and paramedics were summoned who transported Mr Armstrong to the emergency room at the Baptist Hospital where Armstrong was pronounced dead.

14.     As a result of the incident, the Oklahoma City Police Department, by and through Defendant Chief William Citty, conducted an investigation of the events and concluded that all officers acted in conformance with the rules, regulations, policies, practices and customs of the City of Oklahoma City Police Department and the laws of the State of Oklahoma and the laws of the United States Government.

15.     The City of Oklahoma City ratified and approved the conduct of the officers involved by exonerating them of any wrongdoing and without disciplining them such that the

actions of the officers involved in the incident constitute the policies, practices, and customs of the Oklahoma City Police Department.

16.     As a direct and proximate result of the foregoing events, Clifton Armstrong received numerous injuries which resulted in his death. The Medical Examiner's Office attributed the cause, and manner of death of Clifton Armstrong to Excited Delirium Syndrome due to methamphetamine toxicity, and the physical altercation with the police officers as aggravating factor.

17.     At all times material herein, the officers of Oklahoma City Police Department were acting in their official capacities and by virtue of their positions as law enforcement officers of the Oklahoma City Police Department.

**FIRST CAUSE OF ACTION, ARTICLE 2, § 30**
**OF THE OKLAHOMA CONSTITUTION---**
**JEFFERY DUTTON, GREGORY FRANKLIN,**
**MOHAMMED TABAIA, DANIEL HOLTZCLAW,**
**AND THE CITY OF OKLAHOMA CITY.**

18.     Plaintiffs hereby incorporate, in their entirety, paragraphs 1 through 17 as set forth above and by reference make said Paragraphs a part hereof as if fully set forth herein.

19.     The actions of Defendants Dutton, Franklin, Tabaia, and Holtzclaw, were objectively unreasonable under the circumstances and exceeded the force necessary in violation of Article 2, § 30 of the Oklahoma Constitution for which Dutton, Franklin, Tabaia and Holtzclaw are liable in their individual capacities and for which The City of Oklahoma City is liable under a theory of *respondeat superior*.

20.     The actions of Defendants Dutton, Franklin, Tabaia, and Holtzclaw were taken within the scope of their employment and in furtherance of a policy or practice of the City of Oklahoma City that condoned the use of excessive force in violation of Article 2, Section 30 of

the Oklahoma Constitution for which the City of Oklahoma City, is liable.

### SECOND CAUSE OF ACTION----ASSAULT & BATTERY--JEFFERY DUTTON, GREGORY FRANKLIN, MOHAMMED TABAIA, DANIEL HOLTZCLAW AND THE CITY OF OKLAHOMA CITY

21.     Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further allege and state as follows:

22.     To the extent that a jury determines that the actions of the officers, Dutton, Franklin, Tabaia, and Holtzclaw were malicious and outside the scope of their employment, the actions of Dutton, Franklin, Tabaia, and Holtzclaw are not protected by the Governmental Tort Claims Act, and they remain personally liable to Plaintiff under state law.

### THIRD CAUSE OF ACTION—WANTON AND RECKLESS CONDUCT-AGAINST JEFFERY DUTTON, GREGORY FRANKLIN, MOHAMMED TABAIA, AND DANIEL HOLTZCLAW

23.     Plaintiffs incorporates herein by reference all of the allegations heretofore made, and further allege and state as follows:

**24.**     While holding the Plaintiff's decedent in their custody and control, the Defendants engaged in wanton, reckless and/or gross negligent conduct thereby inflicting pain and physical harm upon Clifton Armstrong.

25.     The aforesaid alleged acts and conduct of the Defendants were either intentional, knowing, willful and purposeful or negligent and did cause the deceased, Clifton Armstrong harm.

26.     As a direct and proximate result of the Defendants' wanton, reckless, intentional and/or negligent conduct, the deceased, Clifton Armstrong sustained injuries and the Plaintiff is entitled to damages.

## FOURTH CAUSE OF ACTION–INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.    Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further allege and state as follows:

28.    The aforesaid alleged conduct of the individual Defendants was intentional, knowing, willful and purposeful and was outrageous beyond all bounds of human decency which a civilized society should tolerate, and the Defendants knew or should have known that their said conduct would inflict severe emotional distress upon the Plaintiff.

29.    Plaintiff and her decedent have suffered physical, mental and emotional distress, and including pain and suffering, and other damages as a result of the aforesaid alleged acts and conduct of the individual Defendants.

## FEDERAL CAUSES OF ACTION

## FIFTH CAUSE OF ACTION-- 42 U.S.C. §1983 CLAIM FOR INDIVIDUAL DEFENDANTS

30.    Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

31.    The individual Defendants, Dutton, Frankln, Tabaia and Holtzclaw committed the above described actions and/or omissions under the color of law and by virtue of their authority as police officers of the City of Oklahoma City Police Department and substantially deprived Clifton Armstrong of his rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. § 1983, and deprived Clifton Armstrong of the rights guaranteed to him by the Fourth Amendment of the United States Constitution including, but not limited to:

   a.    Freedom from unlawful arrest and seizure of his person;

b.     Freedom from the use of unreasonable, unjustified and excessive force;

c.     Freedom from summary punishment;

32.     As a direct and proximate result of the Defendants' acts or omissions, Clifton Armstrong was killed.

### SIXTH CAUSE OF ACTION—42 U.S.C. §1983 CLAIM AGAINST CITY OF OKLAHOMA CITY, JEFFERY DUTTON, GREGORY FRANKLIN, MOHAMMED TABAIA, AND DANIEL HOLTZCLAW

33.     Plaintiff hereby incorporates, in their entirety, paragraphs 1 through 32 as set forth above and by reference make said paragraphs a part hereof as if fully set forth herein.

34.     At all times material hereto, the Defendants involved were acting by virtue of the laws of the state of Oklahoma and by virtue of their positions as law enforcement officers or employees of the City of Oklahoma City Police Department.

35.     Defendants permitted, encouraged, and tolerated an official pattern, practice or custom of its police officers violating the constitutional rights of the public at large, including Clifton Armstrong.

36.     The physical restraint inflicted upon the decedent by the Defendants was unjustified, unreasonable, excessive and grossly disproportionate to the actions of Clifton Armstrong, if any, and constituted the use of excessive and unreasonable force in violation of the rights secured to Clifton Armstrong by the Fourth Amendment of the United States Constitution and 42 U.S.C. sec. 1983.

37.     Alternatively, the Defendants City of Oklahoma City, is liable for the unconstitutional actions of the officers involved in this incident due to the rules, regulations, policies, practices or customs of Oklahoma City Police Department which were in effect at the time of this incident and which were the underlying cause of Clifton Armstrong's death:

a.      The City of Oklahoma City by and through its Police Department failed to adequately train and educate its officers in the use of force and the use of deadly force creating an atmosphere of illegal and unconstitutional behavior with respect to the use of force in deliberate indifference and reckless disregard to the welfare of the public at large, including Clifton Armstrong;

b.      The City of Oklahoma City by an through its Police Department failed to train and educate its officers with respect to use of force applications which it knew that its officers were utilizing in the field and which posed a serious risk of personal injury including, but not limited to, the use of the physical restraint and the maximum restraint hubble systems on citizens, in deliberate indifference and reckless disregard to the welfare of the public at large, including Clifton Armstrong;

c.      The City of Oklahoma City by and through its Police Department repeatedly and knowingly failed to discipline its officers with respect to violations of the laws of the State of Oklahoma, the Constitution of the United States, and its own policies regarding the use of force, and creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted by The City of Oklahoma City Police Department in deliberate indifference and reckless disregard to the public at large, including Clifton Armstrong;

d.      The City of Oklahoma City by and through its Police Department failed to adequately monitor and evaluate the performance of its officers and their use of force applications in deliberate indifference and reckless disregard to the public at large, including Clifton Armstrong;

e.      The City of Oklahoma City Police Department failed to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including, but not limited to, complaints regarding the use of deadly, excessive or unreasonable force, to escape liability creating a policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is ratified, condoned or approved in deliberate indifference and reckless disregard to the rights of the public at

large, including the Plaintiff.

      f.      The City of Oklahoma City by an through its Police Department has a policy, practice or custom of exonerating officers regarding complaints of misconduct, including, but not limited to, complaints regarding excessive or unreasonable force, in order to escape liability and creating an atmosphere where illegal and unconstitutional behavior is condoned, tolerated, acquiesced or approved in deliberate indifference and reckless disregard to the rights of the public at large, including the Plaintiff.

      g.      The City of Oklahoma City by and through its Police Department failed to adequately train and educate its officers with respect to providing medical attention to persons suffering from psychiatric conditions while in custody in deliberate indifference and reckless indifference to the welfare of the public at large, including the Plaintiff;

      h.      The City of Oklahoma City by and through its Police Department has a policy, practice or custom of allowing its officers to use deadly, excessive and/or unreasonable force without fear of discipline creating an atmosphere where such behavior is accepted, approved and ratified in reckless disregard and deliberate indifference to the welfare of the public at large, including the Plaintiff;

      i.      The City of Oklahoma City by and through its Police Department allows its officers to engage in conduct that violates the constitutional rights of persons in custody, including Mr. Clifton Armstrong, without fear of reprimand, discipline or termination creating an atmosphere where such unconstitutional behavior is ratified, tolerated, acquiesced or condoned, in reckless disregard and deliberate indifference to the welfare of the public, including the Plaintiff.

      j.      The City of Oklahoma City by and through its Police Department has a policy, practice or custom of improperly and inadequately investigating complaints by citizens regarding

police behavior including, but not limited to, evidence gathering and crime scene investigation, in order to escape liability creating a atmosphere where officers violate the constitutional rights of citizens without fear of discipline in reckless disregard and deliberate indifference to the public at large, including the Plaintiff.

k.      The City of Oklahoma City by and through its Police Department has a policy, practice and custom of failing to seek criminal prosecution against officers whose behavior violates the laws of the State of Oklahoma and the United States of America in order to escape liability, in reckless disregard and deliberate indifference to the welfare of the public at large, including the Plaintiff.

### SEVENTH CAUSE OF ACTION– 42 U.S.C. §1983– SPECIAL RELATIONSHIP–AGAINST DUTTON, FRANKLIN, TAIBAIA, AND HOLTZCLAW

38.      Plaintiff hereby incorporates, in their entirety, paragraphs 1 through 37 as set forth above and by reference make said paragraphs a part hereof as if fully set forth herein.

39.      Plaintiff alleges violations of Clifton Armstrong rights under 42 U.S.C. Sec. 1983 against the individual Defendants in their individual capacities and official capacities for causing the deprivation of Armstrong's constitutional rights under the Fourth Amendment to the United States Constitution an corollary provisions of the Oklahoma Constitution.

40.      At all times relevant herein, the individual Defendants acted under the color of the laws of the state of Oklahoma and the United States of America.

41.      Defendants took constructive custody of Armstrong, exerted control over him, and acted affirmatively to assist, protect and provide Armstrong with medical aide.

42.      Defendants also directly interfered with and limited Armstrong's freedom to act on his own behalf, and in so doing, created a special relationship between Defendants and Armstrong that imposed on Defendants a constitutional duty to extend protection to Armstrong from the danger in

which Armstrong was.

43. That special relationship, the dangerous mental condition in which Armstrong was in, which Defendants knowingly and recklessly aggravated by the use of excessive force and restraint, imposed on Defendants the obligation to guard against the foreseeable deprivation of Armstrong's constitutional rights under the Fourth Amendments and the corollary provisions of the Oklahoma Constitution.

44. Defendants' acts created a special relationship between Defendants and Armstrong that imposed on Defendants the obligation to extend protection to Armstrong against such dangers, including the danger of suffering excited delirium syndrome which resulted from excessive use of force and physical restraint.

45. Defendants' acts and omissions as described herein are shocking to the conscience and constitute deliberate indifference to, and willful and callous disregard of, the deprivation of Armstrong's constitutional rights under the United States Constitution and corollary provisions of the Oklahoma Constitution.

46. Defendants acted in an extreme, shocking, and unconscionable disregard for Armstrong's constitutional rights by recklessly exposing Armstrong to serious injury or death by failing to properly formulate a safer method of medical assistance to transport Armstrong to the hospital without the use and application of excessive force and restraint of Armstrong which resulted in his violent death.

47. For the foregoing deprivations of Armstrong's constitutional rights, Defendants are liable in their individual and official capacities for compensatory damages in an amount of not less than $75,000.00.

## EIGHTH CAUSE OF ACTION–42 U.S.C. §1983–
## STATE CREATED DANGER

48.     Plaintiff hereby incorporates, in their entirety, paragraphs 1 through 37 as set forth

above and by reference make said paragraphs a part hereof as if fully set forth herein.

49.     Plaintiff alleges violations of Clifton Armstrong rights under 42 U.S.C. Sec. 1983

against the individual Defendants in their individual capacities and official capacities for causing the

deprivation of Armstrong's constitutional rights under the Fourth Amendment to the United States

Constitution an corollary provisions of the Oklahoma Constitution.

50.     At all times relevant herein, the individual Defendants acted under the color of the laws

of the state of Oklahoma and the United States of America.

51.     The substantial risk that Armstrong would suffer from excited delirium syndrome was

known to the individual Defendants and was obvious from the time Defendants appeared at the scene

when Armstrong was complaining of "seeing dragons", and being paranoid, and became agitated when

he began to strip off his clothes in the presence of his family members and the police.

52.     Defendants' acts and omissions as described herein, affirmatively and deliberately put

Armstrong at a substantial and unreasonable risk of serious, immediate, and proximate harm;

recklessly placed him in harm's way while at the same time stripping him of his ability to defend

himself.

53.     Defendants' acts and omissions as described herein, affirmatively and deliberately

created the danger which increased Armstrong's vulnerability to the danger posed by the paranoia, and

schizophrenia he was suffering, all without regard to the consequences to Armstrong and which

directly and proximately caused his death.

54.     The acts and omissions by one or more of the individual Defendants which created the

danger to Armstrong and which put him at a substantial risk of serious, immediate, and proximate harm included pressuring, and attempting to subdue Armstrong to ride in the squad car to the hospital; using excessive force, and restraint to subdue Armstrong; failing to allow trained medical technicians to handle, and monitor Armstrong at the scene.

55.     The individual Defendants' acts and omissions as described herein are shocking to the conscience and constitute deliberate indifference to, and willful and callous disregard of, the deprivation of Armstrong's constitutional rights under the United States Constitution and corollary provisions of the Oklahoma Constitution.

56.     Alternatively, these Defendants are liable for the actions of its officers by virtue of the fact that the officers involved in this incident were not reprimanded, disciplined or terminated, and, accordingly, these Defendants ratified, condoned, acquiesced or approved their conduct in this matter in all respects.

57.     The aforementioned actions of the individual officers which were proximately caused by the policies, practices and customs of these Defendants were the underlying cause of the Clifton Armstrong's injuries, death and damages.

## DAMAGES

58.     Plaintiff hereby incorporates, in their entirety, Paragraphs 1 through 39 as set forth above and by reference make said Paragraphs a part hereof as if fully set forth herein.

59.     As a direct and proximate result of the aforementioned actions of the Defendants, Clifton Armstrong was killed. The damages for which the Plaintiff seek compensation on behalf of Clifton Armstrong from the Defendants, both jointly and severally, include, but are not limited to, the following:

    a.     The wrongful death of her son, Clifton Armstrong;

b.     Physical Pain and Suffering;

c.     Emotional Pain and Suffering;

d.     Medical Expenses;

e.     Loss of Enjoyment of Life;

f.     Loss of Earning Capacity;

g.     Loss of Services of Clifton Armstrong;

h.     Funeral Expenses;

i.     Punitive damages against the applicable Defendants;

k.     Pre and post judgement interest;

l.     All such further relief, both general and specific, to which she may be entitled under the premises.


## PRAYERS FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays for judgment against the Defendants, both jointly and severally, for the following:

a.     A declaratory judgment that the policies, practices or customs of the Oklahoma City Police Department complained of herein are illegal and unconstitutional;

b.     Compensatory damages in the amount in excess of $75,000.00 or to be determined by the jury;

c.     Punitive damages against the applicable Defendants in the amount to be determined by the jury;

e.     Pre and Post Judgment Interest;

f.    All such further relief, both general and specific, to which the Plaintiff may be entitled under the premises;

Respectfully Submitted,

E. Ed Bonzie, OBA# 15190
Attorney for the Plaintiffs
8201 S. Walker
Oklahoma City, OK 73139
405-631-1021
405-616-2488 Fax