OKLAHOMA COUNTY
SEVENTH DISTRICT
STATE OF OKLAHOMA



320 ROBERT S. KERR AVE., SUITE 505
OKLAHOMA CITY, OKLAHOMA 73102
(405) 713-1600
FAX (405) 235-1567

**DAVID W. PRATER**
DISTRICT ATTORNEY

**SCOTT ROWLAND**
FIRST ASSISTANT DISTRICT ATTORNEY

August 2, 2013

Chief Bill Citty
Oklahoma City Police Department
701 Colcord Dr.
Oklahoma City, OK 73102

Re: <u>OCPD Incident Number 13-35649</u>

Dear Chief Citty:

This office has reviewed the events of May 1, 2013, reported by your department under the above-noted incident number. The case involved Officer J. Dutton #1781, Officer Mohammed Tabiai #1817, Officer Daniel Holtzclaw #1782 and Officer Gregory Franklin #1809. This incident occurred at 1421 NW 99th Street, Oklahoma City, Oklahoma County.

The above named officers responded to a 9-1-1 call for help from the decedent, Clifton Darnell Armstrong. Armstrong was delusional and suicidal. He also reported that he was seeing dragons. Officers arrived and attempted to calm Armstrong. During the lengthy contact, Armstrong's demeanor would vacillate between calm and agitated. At one point, Armstrong agreed to ride with a family member to St. Anthony's hospital to seek medical intervention, only to refuse to enter the vehicle when asked to sit in the back seat. Armstrong began running around the yard. Officers realized that the situation required them to restrain him for his own protection and for the protection of others.

Armstrong violently resisted the officers as they attempted to handcuff and hobble him to prevent him from hurting himself or others. Armstrong was not struck by the officers nor did any officer employ a Taser or any chemical aerosol in their attempt to restrain him. During the struggle, Armstrong stopped breathing. Emergency medical personnel were notified immediately. Armstrong did not recover and was pronounced dead at Integris Baptist Hospital.

EXHIBIT 48

Dr. Choi performed an autopsy on Mr. Armstrong. She determined the probable cause of death to be ACUTE METHAMPHETAMINE TOXICITY. The manner of death was determined to be an ACCIDENT. More specifically; Dr. Choi noted in her comments that, "The cause of death is regarded to be EXCITED (AGITATED) DELIRUM. Due to ACUTE METHAMPHETAMINE TOXICITY. The physical altercation with the police could have been the anticipating verses aggravating factor to his death. The manner of death is ruled to be an ACCIDENT."

I have reviewed the investigative reports, photographs, witness statements, and other documents contained in the Officer Involved Case Book presented to my office. Though it is clear that Mr. Armstrong's death resulted from his own actions combined with his illicit drug use, I am clearing the officers involved of any wrongdoing to address any questions regarding the officer's culpability. It is my opinion that the officers involved made every effort to resolve the matter by encouraging Mr. Armstrong to seek medical and psychological intervention. Their efforts were carefully calculated in an attempt to prevent Armstrong from hurting himself or others. Though his death is tragic, Mr. Armstrong's death was not a result of any police intervention or actions. It is my finding that no action by the District Attorney's Office is warranted.

Respectfully,

David W. Prater
Oklahoma County District Attorney